UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

IN RE:                                                                                    CASE NO. 19-17664-LMI

TIMOTHY E. SALLY                                                              CHAPTER 13
SSN: XXX-XX-6751

    Debtor.
_____/

**AMERICAN INVESTMENT SERVICES, LLP.**
**OBJECTION TO CONFIRMATION OF DEBTOR'S**
**CHAPTER 13 PLAN**

AMERICAN INVESTMENT SERVICES, LLP. ("Secured Creditor") by and through undersigned counsel, files this Objection to confirmation of Debtor's Chapter 13 Plan, and in support thereof states as follows:

1. On June 10, 2019, Timothy E. Sally ("Debtor") commenced this bankruptcy case by filing a petition for relief under Chapter 13.

2. The Secured Creditor holds a security interest in Debtor's real property located at 1841 N.W. 67th Street, Miami, FL  33147 (the "Property"), by virtue of a Mortgage which is recorded in Official Records Book 25199 Page 1653 in the official records of Miami Dade County, Florida and re-recorded on January 31, 2018, in Official Records Book 30848 Page 266, in the Public Records of Miami Dade County, Florida.

3. The Secured Creditor will be filing a Proof of Claim.

4. Debtor's Chapter 13 Plan (the "Plan") seeks to modify Secured Creditor's rights under the subject loan documents.  The Plan provides for Secured Creditor's claim under the cramdown provisions.

## OBJECTION TO CRAMDOWN TREATMENT

5. Debtor's proposed Plan seeks to modify Secured Creditor's right under the subject loan documents.

6. Debtor's Plan is not confirmable until such time as the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property [DE 26] is resolved.

7. Secured Creditor not only disputes the Debtor's contention that the fair market value of the Property is $105,000.00, but also objects to the proposed treatment of its security interest.

8. Secured Creditor objects to the proposed cramdown treatment reflected in the Plan. Secured creditor disputes the value proposed by the Debtor and requests an opportunity to conduct its own evaluation and appraisal of the Property. Secured Creditor requests that the Debtor produce a copy of the good faith appraisal exhibiting that the subject property is valued at the amount as alleged by the Debtor.

## RESERVATION OF RIGHTS

9. The Plan fails to provide for Secured Creditor's prepetition arrearages and fails to accurately state the correct total secured claim amount. Therefore, the Plan is not in compliance with requirements of 11 U.S.C. §1322(b)(3) and 11 U.S.C §1325(a)(5) and cannot be confirmed.

10. The Secured Creditor objects to the Plan and to any plan which proposes to pay anything less than the anticipated pre-petition arrearage over the life of the plan.

11. The Secured creditor reserves the right to supplement this Objection at or prior to any hearings scheduled for confirmation.

12. The Secured Creditor has incurred additional attorney's fees and costs and requests same for having to file this objection.

WHEREFORE, Secured Creditor respectfully requests the entry of an Order which denies confirmation of the Plan unless such plan is amended to overcome the objections of Secured Creditor as stated herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Objection to confirmation of Debtors' Chapter 13 Plan was served electronically or by mail on Nancy Neidich, Trustee, P.O. Box 279806, Miramar, FL  33027 and Maria Alvarez, Esq., Legal Services of Greater Miami, Inc., 4343 West Flagler Street #100, Miami, FL 33134 on August 28, 2019.

Respectfully Submitted,

SABRINA CHASSAGNE, P.A.
Attorney for Secured Creditor
justice.one@earthlink.net
The White Building
Suite 208
One N.E. 2nd Avenue
Miami, FL 33132
Phone (305) 358-0005

By: **s/Sabrina Chassagne**
   Sabrina Chassagne
   Fla Bar No. 60682